The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. The plaintiff was hired by the defendant, a temporary employment agency, and assigned to work at the National Fruit/White House fruit processing plant.
2. The plaintiff is not a lawful permanent resident of the United States and has no legal authorization to work in this country. He presented a false Social Security card and a false Resident Alien card to the defendant for the purpose of representing that he had authority to work in the United States.
3. On December 7, 1994, the plaintiff sustained an injury by accident arising out of and in the course of his duties of employment with the defendant.
4. As a result of the plaintiff's injury by accident, he was temporarily and totally disabled from December 7, 1994 until March 21, 1995. Further, the plaintiff sustained a ten percent permanent partial disability to his right arm as a result of the injury by accident.
5. The plaintiff's average weekly wage at the time of the accident was $240.00, yielding a legal compensation rate of $160.08.
6. The plaintiff's employment records and medical records relating to this claim were stipulated into evidence as Defendant's Exhibits 1, and 3 and Plaintiff's Exhibit 1.
7. The issue herein is whether the plaintiff was an "employee" under the North Carolina Workers' Compensation Act.
 **********
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following additional
 FINDINGS OF FACT
1. The plaintiff is a nineteen year old Spanish-speaking Mexican male who had lived in the United States approximately a year and a half at the time of the initial hearing. He is not a lawful permanent resident of the United States and has no legal authorization to work in this country. He does not speak English and testified at the initial hearing through an interpreter.
2. On November 7, 1994, the plaintiff applied for work with the defendant and, with the help of an English-speaking friend, completed an application. At that time, the plaintiff presented Beverly Jean Taylor, Lincolnton office manager for the defendant, with a false Social Security card and a false Resident Alien card that contained his picture. Both of the documents appeared to be authentic. Based upon those documents, Ms. Taylor completed the Employment Eligibility Verification (Form I-9) required by the United States Immigration and Naturalization Service and hired the plaintiff.
3. Ms. Taylor would not have hired the plaintiff if she had known that he was an illegal alien with no authorization to work in this country.
4. The plaintiff requested and was assigned to work at the National Fruit/White House fruit processing plant in Lincoln County.
5. On December 7, 1994, while boxing gallon jugs of apple cider, the plaintiff got a finger on his right hand caught in a conveyer belt on which the boxes were being pushed. As a result, he sustained an open fracture of both bones in his right forearm. He had surgery the same day, and his arm was placed in a cast. He reached maximum medical improvement on March 21, 1995.
6. There was no competent or credible evidence presented that the plaintiff's misrepresentation of his immigration status was any causative factor in plaintiff's injury by accident. Further, plaintiff did not misrepresent his physical condition to his employer.
 **********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. At the time of the injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-1 et seq.
2. The plaintiff was an employee under the provisions of the North Carolina Workers' Compensation Act, and an employer-employee relationship existed between the plaintiff and the defendant at the time of the injury by accident. N.C.G.S. § 97-2(2).
3. While the undersigned in no way wish to condone plaintiff's fraudulent use of fake documents to obtain employment, plaintiff's misrepresentation on his immigration status was not any causative factor in plaintiff's injury by accident. In fact, the plaintiff made no false representations as to his physical condition upon which defendant relied to hire him, and plaintiff was doing work to the benefit of his employer.
4. The plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant. N.C.G.S. § 97-2(6).
5. The plaintiff is entitled to compensation at the rate of $160.08 per week for the period of time from December 7, 1994 until March 21, 1995 for the temporary total disability he sustained as a result of the injury by accident. N.C.G.S. § 97-29.
6. The plaintiff is entitled to compensation at the rate of $160.08 per week for twenty-four weeks for the permanent partial disability he sustained as a result of this injury by accident. N.C.G.S. § 97-31 (13).
7. The plaintiff is entitled to have the defendant provide all medical compensation for treatment of his injury by accident. N.C.G.S. § 97-2(19), 25.
 **********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 AWARD
1. The defendant shall pay compensation to the plaintiff at the rate of $160.08 per week for the temporary total disability he sustained as a result of this injury by accident. This compensation has accrued and shall be paid in a lump sum.
2. The defendant shall pay all medical compensation due as a result of this injury by accident.
3. An attorney fee of twenty-five percent (25%) is hereby approved for the plaintiff's counsel, which fee shall be deducted from the aforesaid amount and paid directly to Mr. Smith.
4. The defendant shall pay the $30.00 fee of the interpreter appearing at the initial hearing of this matter.
5. The defendant shall pay the costs. Plaintiff's for attorney's fees pursuant to N.C.G.S. § 97-88 are, in the discretion of the undersigned, HEREBY DENIED.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the ______________ day of _________________, 1998.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws